LAURA A. BUSKIRK, adm'x &c., *vs.* CLEVELAND.

A lease, not purporting to reserve to the lessor the products of the farm, but merely providing that the lessor shall have a lien as security for the rent, upon all the goods, wares, chattels, implements, fixtures, tools and other personal property which are or may be put upon the demised premises, if it could be construed a chattel mortgage, would be void for uncertainty; as not identifying any particular property, so that it can be known to what it was intended to apply.

Where a tenant agreed by parol, with his lessor, that he would turn out hay and grain to secure the payment of the rent reserved in the lease, if the lessor was afraid that she would not get her pay; the value of the property being over fifty dollars, and nothing being paid, and no receipt or credit actually given, or possession delivered; *Held* that the transaction rested in words merely, and no title passed.

APPEAL from a judgment of the county court of Steuben county, affirming the judgment of a justice of the peace. The action was brought to recover the value of a quantity of hay. On the 18th day of November, 1858, the plaintiff leased to one Austin Rollins seventy-five acres of land situated in the town of Hartsville, the residence of Rollins, for two years from December 1, 1858, for $63 per year, payable on the first days of December, 1859 and 1860. The lease contained the following clause, called a mortgage clause: "And it is hereby agreed that the said party of the first part shall have a lien, as security for the rent aforesaid, upon all the goods, wares, chattels, implements, fixtures, tools and other personal property, which are or may be put on the said demised premises, and such lien may be enforced on the non-payment of any of the rents aforesaid, by the taking and sale of such property in the same manner as in cases of chattel mortgages." Such lien to be enforced by a taking and sale, as in cases of chattel mortgages; but neither the lease nor a copy was ever filed in the town clerk's office as a chattel mortgage. The hay in question was cut on the place by Rollins, and put in the barn on the place. An execution was issued and received by the defendant as a deputy sheriff of Steuben county, on the 12th day of September, 1859, upon a judg-

ment recovered in the Supreme Court, against Rollins in favor of Charles Oliver, for $306.89, in 1858; but the levy on the hay was not made until the 25th of October, 1859. On the 10th day of November, 1859, another execution was issued to the defendant, as such deputy, against Rollins in favor of one Burgher. The defendant also justified under a chattel mortgage executed by Rollins to David Conderman, July 13, 1859, upon the hay, which mortgage was duly filed. The mortgage was admitted by the plaintiff, on the trial, to have been given for a valuable consideration, in good faith, without any intent to hinder, delay or defraud creditors. On the 15th day of October, 1859, a parol agreement was made between the plaintiff and Rollins, that the latter should turn out hay and buckwheat then in the barn, to secure the plaintiff on the lease for rent, if she was afraid that she would not get her pay. This agreement was unaccompanied by any acts of delivery of possession of the hay, and there was no relinquishment of any part of the plaintiff's debt, and no prior security parted with.

On the trial in the justice's court, the jury found a verdict in favor of the plaintiff, for the value of the property; and the county court affirmed the judgment.

*Bemis & Stevens,* for the appellant..

*F. C. Dininny,* for the respondent.

*By the Court,* JOHNSON, J. The plaintiff acquired no title to the hay in question by virtue of the provision in the lease giving her a lien upon the personal property which then was or might be afterwards put upon the demised premises. It does not purport to reserve the products of the farm, but provides only that the lessor "shall have a lien as security for the rent aforesaid, upon all the goods, wares, chattels, implements, fixtures, tools and other personal property, which are or may be put on the said demised premises." If

this clause could be construed a chattel mortgage, it would be void as against judgment creditors, as it was never filed as such in the town clerk's office. And as a chattel mortgage I incline to the opinion that it would be void for uncertainty. It does not identify any particular property, so that it could be known to what it was intended to apply. (*See* 3 *Am. Law Reg. N. S.* 31, 32 *&c.*) But it is not even a chattel mortgage. It contains no words of sale, and evidently was not intended to transfer the title to the chattels, at the time of the execution of the instrument. (*Milliman* v. *Neher,* 20 *Barb.* 37, 40.)

It is equally clear, I think, that the plaintiff acquired no title to the hay by virtue of the agreement to purchase and apply the value, or proceeds, upon the rent. The price was not definitely fixed. But if it had been, the transaction rested in words merely, until after the levy. The value of the property was over fifty dollars, and nothing was paid, and no receipt or credit actually given. Clearly no title passed. (*Brabin* v. *Hyde,* 30 *Barb.* 265, *and cases there cited.*) The sale by virtue of the executions being valid as against the plaintiff, it is unnecessary to determine whether the chattel mortgage to Conderman was subject to the lease, or otherwise. The judgment of the county court and that of the justice must be reversed.

[MONROE GENERAL TERM, December 7, 1863. *E. D. Smith, J. C. Smith* and *Johnson,* Justices.]